Per Curiam.
 

 ' The Court is wholly unable to satisfy itself,upon the proofs which have been taken in this cause* as to the truth of the matters of fact therein put in issue.— Witnesses are in direct conflict with each other, so that there is-certainly perjury on one side or the other, and the Court cannot tell on which side this guilt lies. To satisfy its con-' science* it is obliged to call in the aid of a jury; but before a jury empannelled in this Court, under the special authority which the law has conferred for summoning such a jury, the witnesses cannot be personally examined. Such a jury, therefore, would have no further means of testing the credit of t-he witnesses,- than is possessed by the Court. Under
 
 *280
 
 these circumstances, the Court deems it proper to direct feigned issues to be made up and tried in the Superior Court of law for the county of Wilkes, to ascertain, 1st, whether a certain bond for the sum of ¡$395, or thereabouts, executed on or about the 25th of September, 1829, by the defendants William B. Dula and David E. Horton, payable twelve months after date, to William Dula, Senior, and John With-erspoon, administrators of Thomas Dula, deceased, was destroyed by the said William Dula, Sen., in his life time; 2ndly, whether the said bond was executed by the defendants upon an engagement of the said William Dula, Sen., that he would settle the same in account with his intestate’s estate, and the said defendant should not be required to pay the same; and, 3rdly, did the said William Dula, Sen., in his life time, account for the said bond, in settlement with his co-administrator, as being paid off by him. The decretal order, will, particulary, specify the manner of trial of said issues.